LIFE EXTENSION FOUNDATION, INC., Appellant

v.

INTERNAL REVENUE SERVICE, Appellee.

No. 13–5053.

United States Court of Appeals, District of Columbia Circuit.

March 7, 2014.

Rehearing En Banc Denied April 25, 2014.

**4**

Nancy Ortmeyer Kuhn, James Nelson Markels, Jackson & Campbell, PC, Washington, DC, for Appellant.

Gretchen M. Wolfinger, Jonathan S. Cohen, DOJ Appellate Counsel, U.S. Department of Justice, Washington, DC, for Appellee.

Before: BROWN, Circuit Judge, and EDWARDS and SILBERMAN, Senior Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed for the reasons stated in the memorandum accompanying this judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

### MEMORANDUM

Appellant Life Extension is an organization that has recently been denied tax-exempt status by the IRS. Although Life Extension is currently challenging that decision in another proceeding, it also filed a request for relevant documents under the Freedom of Information Act. 5 U.S.C. § 552. The IRS turned over a number of documents, but also withheld some responsive documents as exempt from mandatory disclosure. After exhausting its administrative remedies, Life Extensions filed suit in the district court, claiming that those documents were improperly withheld. The district court ruled in favor of the IRS, and this appeal followed. We affirm.

Appellants' primary argument is that the district court applied a deferential standard of review that is reserved for national security cases. The precise difference between the standard of review in national security FOIA cases and the standard of review in plain vanilla FOIA cases is somewhat murky. In a number of national security cases, we have noted that we accord "substantial weight" to affidavits describing the nature of classified documents. *Larson v. Dep't of State*, 565 F.3d 857, 864 (D.C.Cir.2009). The district court indeed cited a number of these national security cases in its discussion, but it did so in support of more broadly applicable points, and not to suggest that the IRS was entitled to special deference. There is no indication that the court applied a more deferential standard of review than is appropriate for all FOIA cases.

Appellants also argue that the district court erred in failing to review the disputed documents *in camera* to determine if any segregable material was being withheld. We review for abuse of discretion a trial court's decision to rely on affidavits to describe the contents of withheld documents. *Id.* at 869. Though the IRS affidavits in this case may not have been exemplars of detailed description, we do not believe that the district court abused its discretion in finding that the affidavits sufficiently described the material withheld. The judgment of the district court is affirmed.